### DE COLANGE *v.* THE CHATEAU MARGAUX.[1]

*(District Court, S. D. New York.   December 18, 1888.)*

CARRIERS—OF PASSENGERS—DEVIATION—DAMAGES.

  Libelant purchased a passage ticket on steamer Chateau Margaux from New York to Bordeaux. The ticket, like the company's prospectus, expressly stated that the passage would be direct. After the sale of the ticket, the steamer took cargo for Santander, Spain, and sailed direct for that port, without notice to libelant, and was consequently six days longer in reaching Bordeaux. Libelant proved no special damage arising from the delay, except loss of time and the annoyance incident thereto. *Held*, on suit brought to recover damages for the delay, that the deviation was a breach of the contract, and that libelant should recover the amount of passage money paid.

[1]Reported by Edward G. Benedict, Esq., of the New York bar.

In Admiralty. Libel for damages for deviation of vessel.
*Newell Martin*, for libelant.
*Wing, Shoudy & Putnam*, for claimants.

BROWN, J. The libelant, a gentleman of 70 years of age, with his wife, and two children between 4 and 12 years old, purchased from the claimants on the 12th of April, 1886, a ticket for himself and family for a passage from New York to Bordeaux on board the steamer Chateau Margaux. The ticket expressly stated that the voyage was to be direct; and the prospectuses of the company stated the same thing, emphasizing the shortness and directness of their route, as inducements for invalids to travel by their line. The vessel sailed on the 24th of April. A few days before sailing she took a quantity of cargo to deliver at Santander, and, though notice of this fact was published in a maritime newspaper, the intended deviation was not made known to the libelant, though the company had his address; and he did not learn that the vessel was to go to Santander until a few days out. The steamer would naturally have arrived at Bordeaux a little sooner than at Santander. She remained three days at the latter place, and was three days more in proceeding from Santander to Bordeaux. The libelant claims $2,000 special damages for the detention and the annoyances arising from it. He had written to a gentleman at Turin to meet him at Paris on the 6th of May on business, who attended at the time, and, after waiting, departed before the steamer reached Bordeaux, which was on the 12th of May.

There is no sufficient proof of special damage. The appointment was not kept, but no pecuniary loss thereby is proved. The deviation was, however, a breach of contract, and the libelant is entitled to reasonable compensation for the loss of time, and the inconvenience and annoyance directly and naturally arising from the violation of the contract. When it was determined to send the vessel to Santander, there was plenty of time to apprise the libelant of the fact before sailing; and he would have been entitled to a return of his passage money, had he chosen to demand it. At Santander, the master, by authority of the owners at Bordeaux, offered transportation to the libelant and his family by rail, or by one of the transatlantic steamers, which was to leave Santander the day after the libelant's arrival there, which would have saved two or three days of the delay. The libelant preferred to remain on board his vessel, rather than suffer the inconveniences incident to such a change; and he did not telegraph or write to the person whom he expected to meet at Paris. The comfort, and even the pleasures, of the libelant and of his family were ministered to with marked consideration by the master of the vessel while at Santander; and the proof does not show any actual pecuniary damage. But the defendants had no right, contrary to their contract, to take the libelant upon a route to which he never assented. I therefore allow as damages the amount of the passage money paid, viz., $200, with interest, for which a decree may be taken, with costs.